Filed 4/14/22  P. v. Emery CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN ANTHONY EMERY,<br><br>    Defendant and Appellant. | B312853<br><br>(Los Angeles County<br>Super. Ct. No. NA051029) |

APPEAL from an order of the Superior Court of Los Angeles County.  Daniel J. Lowenthal, Judge.  Affirmed.

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Ruben Anthony Emery is serving a life sentence without the possibility of parole for the special circumstance murder and attempted robbery of Henry Chow. Defendant appeals from the order denying his petition for resentencing pursuant to Penal Code section 1170.95.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Almost 20 years ago, defendant was charged with the special circumstance murder of Henry Chow. (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17) & (22); count 1.) He was also charged with attempted robbery (§ 211, § 664; count 2). A criminal street gang allegation and various firearm use allegations were also alleged.

The charges were based on an incident that occurred in November 2001. Defendant was a member of a Long Beach street gang called the Westside Longos and was visiting at the home of Danny Alvarez, a member of the Eastside Longos, a gang friendly with defendant's gang. The younger brother of Alvarez went to a nearby store to buy some peanuts and returned crying, saying the shopkeeper had "knocked him down while blocking him from entering the store." (*People v. Emery* (May 25, 2006, B180005) [nonpub. opn.].)

Defendant became angry and told Alvarez they should " 'go teach this motherfucker a lesson.' " (*People v. Emery, supra*, B180005.) According to Alvarez's trial testimony, when he and defendant got to the store, defendant pulled out his gun and drew the slide. When Alvarez expressed hesitancy, defendant said " 'Are you going to ride when I smoke the motherfucker?' " (*Ibid*.) Out of fear for his own safety, Alvarez went inside the store with defendant. Defendant immediately demanded "shopkeeper

Henry Chow give him money, and then shot Chow three times, killing him." (*Ibid.*)

The case was tried to a jury in 2004. The jury found defendant guilty of both murder and attempted robbery. In connection with the murder count, the jury found true the allegation the murder was willful, deliberate and premeditated and that defendant was a member of a street gang and engaged in the commission of a robbery at the time the murder occurred. The jury also found true the street gang allegation and that a principal discharged a firearm in the commission of the offenses. The jury was unable to reach a verdict as to whether defendant personally used a firearm. (*People v. Emery*, *supra*, B180005.)

The court sentenced defendant to life without the possibility of parole, plus a consecutive term of 25 years to life for the firearm enhancement, as well as a 10–year term for the street gang enhancement. The court imposed a concurrent two–year term for the robbery count and imposed various fines. (*People v. Emery*, *supra*, B180005.)

In May 2006, a panel of this court affirmed defendant's conviction after modifying the sentence by striking the 10-year term pursuant to Penal Code section 186.22, subdivision (b)(1) and the $10,000 parole revocation fine and remanding for the court to recalculate presentence custody credits. (*People v. Emery*, *supra*, B180005.)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed, amending the law regarding liability for felony murder and murder under the natural and probable consequences doctrine. Senate Bill 1437 also added Penal Code section 1170.95 which set forth a procedure whereby certain individuals, including those convicted of felony murder, could petition for

sentencing relief. Section 1170.95 became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In February 2019, defendant filed, in propria persona, a petition pursuant to Penal Code section 1170.95. Defendant requested the appointment of counsel. He said he had been convicted of felony murder and requested resentencing, attesting he was not the actual killer, did not act with intent to kill and was not a major participant in the shooting who acted with reckless disregard for human life. Defendant also filed a petition for writ of habeas corpus requesting a reduction of his sentence to second degree murder. His petition included copies of some of the jury instructions from his trial attached as exhibits, including some of the instructions pertaining to aiding and abetting and felony murder.

The court appointed counsel for defendant.

The People filed opposition. Defendant, through appointed counsel, filed a reply.

On May 25, 2021, the court held a hearing at which counsel was present. The court denied defendant's petition, reasoning he was ineligible as a matter of law based on the record of conviction. The court said it was "clear to the court that Mr. Emery was the actual killer."

Defendant appealed. Respondent requested we take judicial notice of the prior opinion from the direct appeal. (*People v. Emery*, *supra*, B180005.) We grant the request.

## DISCUSSION

Defendant contends the trial court erred by engaging in improper factfinding at the prima facie stage and that we must reverse and remand for further proceedings pursuant to Penal Code section 1170.95. We do not agree.

4

While this appeal was pending, the Supreme Court issued its decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), resolving several issues pertaining to petitions for resentencing pursuant to Penal Code section 1170.95.  In particular, *Lewis* reaffirmed the principle that appellate opinions are a part of the record of conviction, and held they are properly considered by a trial court in making a prima facie determination under section 1170.95, subdivision (c).  (*Lewis*, at p. 972.)  *Lewis* cautioned the inquiry the trial court undertakes at the prima facie stage "is limited" (*id*. at p. 971) and that "the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' [Citation.]  In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' " (*id*. at p. 972).

*Lewis* nonetheless concluded that where " 'the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Here, the record, including the verdict, jury instructions and the opinion from the direct appeal, conclusively refutes the allegations in defendant's petition.  While the jury was instructed on felony murder and the natural and probable consequences doctrine, they were also instructed on first degree murder and direct aiding and abetting principles.  The jury found true the allegation that the murder of Mr. Chow was willful, deliberate and premeditated.  The jury also found true the street gang special circumstance allegation against defendant which required

5

them to conclude the murder was an *intentional killing* by a member of a street gang.  (Pen. Code, § 190.2, subd. (a)(22) [the "defendant intentionally killed the victim while the defendant was an active participant in a criminal street gang"].)

Moreover, even if the jury was unsure whether defendant or Alvarez was the one who pulled the trigger as reflected by the inability to reach a verdict on the personal firearm use allegations, the evidence was uncontroverted that defendant and Alvarez went to Mr. Chow's store to " 'teach [the] motherfucker a lesson,' " that they went into the store together, that Mr. Chow was shot, not accidentally, but three times at close range, and then defendant and Alvarez fled the store.  The record establishes therefore that defendant was either the actual shooter, or directly aided and abetted Alvarez in the shooting, or he was a major participant who acted with reckless indifference to human life in the attempted robbery and murder of Mr. Chow.

## DISPOSITION

The order denying defendant and appellant Ruben Anthony Emery's petition for resentencing is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.          HARUTUNIAN, J.*

---

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.